MARY E. RILEY, RESPONDENT, *v.* ELIZABETH A. HOYT, APPELLANT, IMPLEADED, ETC.

*Unrecorded mortgage — a subsequent purchaser for value, whose conveyance is first recorded, is not bound by it unless he had actual notice of it — the proof of notice must be clear and the purchaser must have remembered the fact when taking his deed.*

APPEAL from a judgment, entered upon the decision of a justice of this court on a trial at the Monroe Special Term.

By the judgment in this case the plaintiff's unrecorded mortgage was preferred to the defendant's recorded deed, on the ground that the defendant at the time of taking her deed had actual notice, as found by the trial judge, of the existence of the plaintiff's mortgage. The appellant's counsel contends that the finding is not warranted by the evidence.

The parties in this case are sisters, and the conveyances held by them were executed by Daniel N. Hoyt, a brother of theirs, and described his undivided one-fourth of a certain house and lot in

the city of Rochester, which had been the home of the family and in which the defendant then resided. The mortgage to the plaintiff was executed August 20, 1874, and was recorded in the county clerk's office in the book of deeds November 3, 1876, and in the book of mortgages October 13, 1877. The deed to the defendant was executed June 19, 1876, and recorded on the twenty-fourth of the same month. The testimony relied on to prove notice was given by the plaintiff and her husband. The notice was claimed to have been given in the course of a conversation held in the presence of the defendant.

The court at General Term said : " The reported decisions in this State agree in the main in holding that the proof of actual notice at law and in equity which will break in on the registry act must be extremely clear, and it must amount to proof of fraud or of such actual notice as would make the conduct of the party taking the second conveyance equivalent to a fraud. (*Dey* v. *Dunham,* 2 Johns. Ch., 182; S. C., reversed on the ground that the evidence which was in writing showed actual notice, but without impairing the rule above stated, 15 Johns., 555; *Jackson* v. *Given*, 8 id., 137; *Jackson* v. *Burgott*, 10 id., 457; *Jackson* v. *Elston*, 12 id., 452; *Jackson* v. *Van Valkenburgh*, 8 Cow., 260; *Fort* v. *Burch*, 6 Barb., 60; 2 Lead. Cases in Eq., 137, 139.) The notice may be express, as was sought to be shown in this case, or it may be implied from the first purchaser being in the open and exclusive possession of the estate under his deed. (*Norcross* v. *Widgery*, 2 Mass., 508; *Tuttle* v. *Jackson*, 6 Wend., 213, 226.) A notice which is barely sufficient to put a party on inquiry, except the notice implied from the actual possession of the first purchaser, is not enough. (*Fort* v. *Burch, supra;* *Brown* v. *Volkening*, 64 N. Y., 76.) Nor is suspicion of notice sufficient. (4 Kent's Com., 172; *Fort* v. *Burch, supra.*) * * *

" This is all the testimony tending to show notice, and it can hardly be said to come up to that degree of proof needed to break in upon the registry acts. In neither of the last two conversations was the nature of the security mentioned or its amount. The differing versions of what was said in the cars leave it uncertain whether the nature of the security was then spoken of or its amount, or whether it was said that the security was on property; and, if so, upon what. On each occasion the allusions made to the subject

were casual, vague, and in nowise calculated to arrest the attention of the defendant or make a lodgment in her memory, as she then had no interest in knowing whether her brother's share in the house was incumbered or not. When, nearly two years after the conversation in the cars, her brother proposed that she should board him and offered to deed her his interest in the house and lot as security, it is probable that if any such remarks had been made in her presence as were testified to on the part of the plaintiff she had forgotten them; and if that was the case there is nothing shown to impeach her good faith. (*Kelly* v. *Solari*, 9 Mees. & Wels., 54, 58; 1 Story's Eq. Jur., § 140.) As the testimony relied on by the plaintiff is positively contradicted by the defendant, the most probable conclusion, it being the only one consistent with the truthfulness of both parties, is that the defendant did not hear or did not notice the casual remarks testified to by the plaintiff and her husband."

*George G. Munger*, for the appellant.

*John N. Beckley*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and MACOMBER, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.